IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 22-33-1 |
| | : | |
| JOSEPH R. BERGER | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Joseph R. Berger appears before this Court having pleaded guilty to one count each of possession of a machinegun, in violation of 18 U.S.C. § 922(o) and 924(a)(2) and possession of a non-registered suppressor, in violation of 26 U.S.C. §§5845(a)(7), 5871 and 5861(d). Mr. Berger, who has no prior criminal record, acknowledges the illegality of and fully accepts responsibility for his actions, and respectfully requests that this Court consider all arguments and information provided herein. Specifically, Mr. Berger urges the Court accept and approve the plea agreement and sentence jointly proposed by the government and Mr. Berger pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), and sentence him accordingly to a 3-year period of supervised release. Such a sentence is sufficient but not greater than necessary to meet the statutory considerations of 18 U.S.C. § 3553 and therefore appropriate in this case.

I.    **JOSEPH BERGER'S PERSONAL HISTORY**

Born and raised in in the Bethlehem area, Joseph Berger is 69 years old. He has been married to his wife Dolores for nearly four decades, and together they raised two children, also in Bethlehem. Mr. Berger worked in the steel industry until he became disabled and has long been an avid outdoorsman. PSR ¶ 79. However, his health has deteriorated in recent years, and he now suffers myriad physical problems. *Id.* As noted in the Presentence Investigation report as well as the government's sentencing memorandum, he currently suffers from type II diabetes,

acute kidney failure, hyperlipidemia, benign prostatic hyperplasia, gout, and osteoarthritis. Additionally, his hearing is significantly impaired and he requires the use of a hearing aid. PSR ¶ 49, 79. Previously, Mr. Berger suffered a broken knee in a car accident, and has required surgery and treatment for both colon cancer (in 2008) and liver cancer (in 2011). PSR ¶ 48, 79. In 2011 he also underwent a spinal fusion surgery in his neck, which contributes to his chronic neck pain today. PSR ¶ 49, 79. Most recently, Mr. Berger underwent a knee replacement surgery, from which the recovery has been longer and far more difficult than he anticipated. He spent a month in an inpatient physical rehabilitation facility, and his mobility remains limited. PSR ¶ 48.

## II.   CALCULATED SENTENCING GUIDELINE RANGE

As calculated in the PSR, the total offense level for Mr. Berger's offense is 21. PSR ¶ 30. Because Mr. Berger has no criminal record, his criminal history category is I. PSR ¶ 34. The resulting advisory guideline range is 37-46 months of incarceration. PSR ¶ 60. Mr. Berger does not object to this calculation.

## III.   APPLICATION OF THE STATUTORY FACTORS TO THIS CASE

The Court must consider all of the factors identified in 18 U.S.C. § 3553(a) and impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a)(1). Such a consideration weighs in favor of the jointly recommended sentence.

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

The conduct for which Mr. Berger has accepted responsibility is undoubtedly serious. However, several circumstances serve to mitigate that seriousness. First, he was charged with and pleaded guilty only to possessory offenses. He is not alleged to have sold or given away any of the firearms or suppressors, and is not alleged to have used them to injure or threaten anyone.

There is no evidence that Mr. Berger or his son possessed the firearms and suppressors for commission of another offense, or for any reason other than as a hobby. PSR ¶ 77. Mr. Berger's offense did not involve drugs, and did not involve violence, or the threat thereof. Likewise, Mr. Berger has no history of violence, and apart from this case has lived a law-abiding life. *Id.* As described above, as well as in the PSR and the government's memorandum, Mr. Berger has a long history of well-documented, serious medical problems, and nothing to suggest he poses an acute threat of danger to society. Taken collectively, these circumstances and personal characteristics support Mr. Berger's and the government's jointly-recommended sentence.

### B. The Need for the Sentence Imposed to Promote Certain Statutory Objectives

The recommended sentence is sufficient to promote the statutory objectives of 18 USC. § 3553(a). While any violation of the law is serious, Mr. Berger's conduct was not violent, and did not involve drugs, alcohol or any individual victims. Mr. Berger has accepted full responsibility for his conduct and is prepared to spend the next three years on supervised release. Moreover, he understands and accepts that the collateral consequences of a felony conviction will include depriving him of the ability to possess firearms in the future. For Mr. Berger, a lifelong hunter and sportsman for whom firearms have long been an important hobby and part of his lifestyle, this consequence hits especially close to home. A sentence of supervised release thus reflects the seriousness of the offense and provides just punishment.

Similarly, such a sentence will afford adequate deterrence and protect the public. This case has caused Mr. Berger tremendous personal embarrassment and stress, and his experience as a criminal defendant is one he hopes and intends to never experience again. The entire ordeal of being federally prosecuted and branded a convicted felon at age 69 has sufficiently deterred him from ever committing a crime in the future.

Finally, 18 U.S.C. 3553(a)(6) directs the Court to consider the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. In this case, the defendant and government are jointly advocating for a sentence that is both below the advisory guidelines range and below that of the sentence imposed on Mr. Berger's co-defendant and son, who was convicted for the same general conduct and who also had little or no criminal history. However, as the government no doubt explained, the codefendant – in the government's view - presented a heightened risk of future violence or other danger to society. The Mr. Berger now before the Court is much older than his son, presents virtually no risk of violence or criminal behavior and is in undeniably poor health, all of which warrant the lower sentence both parties have agreed upon.

Neither party to a criminal case enters into any plea agreement lightly. Both defendants and the government enter into such agreements only after careful and thorough consideration of all the circumstances of the case, including any statutory maximum and mandatory minimum penalties; the advisory Sentencing Guidelines range as estimated by the parties; the § 3553 factors; each side's litigation risks; and of course, the benefits inherent in avoiding a trial. Where the agreement is, as in this case, made pursuant to Fed. R. Crim. Pro. 11(c)(1)(C), the considerations are even greater. Here, the defendant offers the government the certainty and finality of a conviction in exchange for the certainty of a specific sentencing recommendation both the government and the defendant consider to be reasonable and sufficient to advance the §3553 considerations.  Mr. Berger made this decision only after considerable reflection and many meetings with his counsel. The government too, weighed all the factors carefully in extending this offer, as such agreements can only be entered into after several levels of internal review and approval. Mr. Berger wholeheartedly agrees with the government that this sentence is

appropriate and asks the Court to impose it.  He is anxious to complete his period of supervised release and resume his life as a law-abiding citizen.

## IV.  CONCLUSION

For all the reasons cited herein, and any others which may become apparent to the Court at the sentencing hearing on June 24, 2024, Joseph R. Berger respectfully requests the Court accept the negotiated plea and impose the jointly recommended sentence of 3 years of supervised release, a sentence sufficient, but not greater than necessary, to achieve the statutory goals of 18 U.S.C. § 3553(a).

Respectfully submitted,


*/s/ Michael B. McCrossen*
MICHAEL B. M<sup>c</sup>CROSSEN
Assistant Federal Defender

**CERTIFICATE OF SERVICE**

    I, Michael McCrossen, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I have served a copy of the Defendant's Sentencing Memorandum via Electronic Case Filing ("ECF") notification upon Anthony Carissimi, Assistant United States Attorney, office located at Suite 1250, 615 Chestnut Street, Philadelphia, Pennsylvania 19106.

                                              */s/ Michael B. McCrossen*
                                              MICHAEL B. McCROSSEN
                                              Assistant Federal Defender

DATE:  June 18, 2024